IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:25cr239-MHT
                            )            (WO)
KELVIN DERNEL HARRIS        )
```

ORDER

This matter is before the court on witness Sheila Baker's invocation of her Fifth Amendment privilege against self-incrimination after being called to testify in the trial of defendant Kelvin Dernel Harris. Harris is being tried for knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). At the time the firearm he allegedly possessed was recovered, he was driving a blue Chevrolet Malibu registered to Baker. Police found a Taurus G2 pistol in the vehicle. The Taurus is allegedly stolen.

Defense counsel subpoenaed Baker to testify. In their pretrial brief, defense counsel represented that Baker may testify that the blue Chevrolet Malibu and the Taurus G2 pistol are hers. During a pretrial

hearing, the parties agreed that Baker should consult with an attorney about her potential testimony and her rights under the Fifth Amendment. The court appointed a lawyer to counsel Baker on these issues.

During the trial, Baker took the stand outside the presence of the jury. Defense counsel proceeded to question her, and she answered responsively to questions about her name, residence, and whether she knew defendant Harris. When defense counsel asked her whether she was the owner of a blue Chevrolet Malibu and a Taurus G2 pistol, she invoked her Fifth Amendment right to remain silent on advice of counsel. Based on the representations made at a pretrial hearing and various recesses during the trial, the court finds that Baker has reasonable cause for invoking her Fifth Amendment privilege against self-incrimination and, therefore, should not be compelled to testify in this matter.

The Fifth Amendment provides a shield against compulsory self-incrimination.  Thus, a witness who has "reasonable cause to apprehend danger from a direct answer" to a question posed under oath may invoke her right to remain silent.  *United States v. Hoffman*, 341 U.S. 479, 486 (1951).  However, the court need not accept a witness's claim of privilege at face value; indeed, "[t]he trial judge must make a proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege."  *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980).  A court should uphold an invocation of the privilege unless it is "'perfectly clear' from a careful consideration of all the circumstances that [the witness's] testimony could not 'possibly' have had a tendency to incriminate" her. *United States v. Perez*, 661 F.3d 568, 580 (11th Cir. 2011) (quoting *Hoffman*, 341 U.S. at 488).

Baker has reasonable cause to believe that, were she to testify here, her answers could result in "injurious disclosure." *Hoffman*, 341 U.S. at 486. The court undertook a question-by-question "particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *United States v. Melchor Moreno*, 536 F.2d at 1049 (5th Cir. 1976). The two areas of questioning defendant Harris's counsel wished to explore were ownership of the Taurus and the vehicle in which the Taurus was found (the blue Chevrolet Malibu). The court will address each area of questioning in turn.

The court turns first to questions about the Taurus pistol. At various points throughout this matter, both the government and defense counsel have represented to the court that the Taurus G2 pistol is allegedly stolen. This includes, but is not limited to, in briefing on motions in limine, in trial briefs, at a

4

pretrial hearing, and during trial recesses. In addition, the government is in possession of a recording where Baker allegedly represents to federal agents that she owns the Taurus. If Baker takes the stand and is asked whether the Taurus is hers, she faces a Catch 22: if she were to say the gun is hers, then that is evidence that she possessed a stolen firearm. But if she were to say the gun is not hers, then that is evidence she misled the federal agents. It is abundantly evident that providing testimony on this topic could expose Baker to criminal liability.

Turning now to questions about her ownership of the blue Chevrolet Malibu. As Baker's counsel pointed out, testifying to her ownership of the vehicle is connected to possession of the allegedly stolen firearm. Thus, there is no way to "parse out the non-privileged testimony" from other relevant testimony. *United States v. Smith*, 157 F. App'x. 215, 218 (11th Cir. 2005).

The court finds that because Baker may "legitimately refuse to answer essentially all relevant questions," she is completely excused from testifying in this case. *Goodwin*, 625 F.2d at 701 (quoting *United States v. Gomez-Rojas*, 507 F.2d 1213, 1220 (5th Cir. 1975)).

Accordingly, it is ORDERED that witness Sheila Baker has good cause to invoke her Fifth Amendment privilege against self-incrimination and that she cannot be compelled to testify in this manner.

DONE, on this the 29th day of October, 2025.

                                                     /s/ Myron H. Thompson
                                           **UNITED STATES DISTRICT JUDGE**